# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARDELLE PETERSEN,<br><br>      Plaintiff,<br><br>vs.<br><br>THE STATE OF NEVADA, ex rel. its NEVADA DEPARTMENT OF CORRECTIONS,<br><br>      Defendant. | Case No. 3:20-cv-00201-RCJ-WGC<br><br>**ORDER** |

Defendant moves to dismiss Plaintiff's complaint for failure to state a claim. The Court finds that Plaintiff has failed to comply with the *Twombly-Iqbal* standard with her factual allegations. For this reason, the Court dismisses the Complaint without prejudice and grants leave to amend it.

## FACTUAL BACKGROUND

In the Complaint, (ECF No. 1), Plaintiff raises two counts against Defendant in violation of Title VII of the 1964 Civil Rights Act: hostile work environment and retaliation. In support of these claims, Plaintiff alleges the following pertinent facts: Defendant hired Plaintiff on or about August 10, 2015. She remains employed by Defendant. "Shortly after [P]laintiff was hired, Dr.

Gene Yup (now deceased), commenced a course of sexual harassment directed at [P]laintiff. Dr. Yup touched [P]laintiff in a suggestive manner, e.g., on her shoulders and heels. Dr. Yup spoke of his sexual preferences and openly implied [P]laintiff owed him sexual favors, based on the proposition he had assisted [P]laintiff with her career."

Plaintiff lodged a complaint with Defendant about Dr. Yup's conduct in "late 2017." Because of this complaint, Dr. Yup "embarked upon a course of retaliatory hostility directed at plaintiff. For instance, in the fall of 2018, he made false allegations against plaintiff and lodged those allegations with Nevada's Board of Dentistry." He "also arranged for his assistant to purloin confidential medical information re plaintiff's patients." Additionally, he "attempt[ed] to foment hostility toward her among inmates." "[P]laintiff was aware [Dr.] Yup had taken to offering inmates favors in return for harassing, threatening and/or harming [P]laintiff."

Despite Plaintiff's complaint to Defendant in 2017, "Defendant failed to implement a prompt and/or thorough investigation. Defendant failed to implement prompt remedial action. [Dr.] Yup was not transferred to another facility until the summer of 2018 and even then he continued to harass plaintiff, sans an adequate and thorough investigation by [D]efendant and absent adequate remedial action which had the effect of curing [Dr.] Yup's past harassment and deterring future harassment." Even after his transfer to another facility, Dr. Yup had "continued access to the same inmates plaintiff treated and/or came into contact with."

In the Complaint, Plaintiff asserts that she "has exhausted her administrative remedies" and "was issued a Notice of Right to Sue by the Equal Employment Opportunity Commission on January 3, 2020." Plaintiff filed a "Charge of Discrimination" to the Nevada Equal Rights Commission (NERC) and the Equal Employment Opportunity Commission (EEOC) against Defendant. (ECF No. 9 Ex. 1.) The document is signed by Plaintiff on May 20, 2019, and a stamp indicates that the document was received on May 22, 2019 by NERC. (*Id.*) Like the complaint,

Plaintiff here complained of Dr. Yup's alleged "suggestive" touching of her shoulders and heels, mentioned his "sexual proclivities," and "frequently insinuate[d] that [Plaintiff] owed him sexual favors." Plaintiff further alleged that after she filed a complaint with Defendant, Dr. Yup made false accusations against her to the Board of Dentistry, had his assistant "steal confidential medical information," and offered to "do favors for inmates in exchange for their harassing, threatening[,] and physically harming" her. She claimed that these facts show that her rights guaranteed by Title VII were violated through sex discrimination and retaliation. The EEOC issued Plaintiff a right to sue letter on January 3, 2020, which Plaintiff attached to her Complaint.[1] (ECF No. 1 Ex. 1.)

Plaintiff previously filed a form titled "Employment Discrimination Complaint" with the NERC. (ECF No. 12 Ex. 1.) Plaintiff's signature is dated January 25, 2019, and an attached "Send Result Report" indicates that the document was faxed to NERC on February 1, 2019. In the blank that is labeled "company that you believe discriminated against you," Plaintiff wrote, "Dr. Gene Yup NDOC." In this document, she only complained of the following, "Frequent sexual remarks + unwanted touching, which morphed into retaliatory hostility + retaliation. Including positing the specter of extreme violence by inmates."

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. When considering a motion to dismiss

---

[1] Oddly, the EEOC checked a box, which would allow for a claim to proceed under the Age Discrimination in Employment Act (ADEA). This is apparently a typographical error as a letter attached to the form reads, in pertinent part, "[Y]ou are hereby notified that you have the right to institute a civil action under Title VII . . . ."

under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, a plaintiff must not only specify or imply a cognizable legal theory, but also must allege the facts of the plaintiff's case so that the court can determine whether the plaintiff has any basis for relief under the legal theory the plaintiff has specified or implied, assuming the facts are as the plaintiff alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d

449, 454 (9th Cir. 1994). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Generally, leave to amend is denied only when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

A plaintiff must timely exhaust any administrative remedies before bringing a Title VII claim to court. *Lyons v. England*, 307 F.3d 1092, 1103-04 (9th Cir. 2002). However, failure to exhaust non-judicial remedies is generally treated as an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 212 (2007). The court should not dismiss a case based on an affirmative defense unless the elements of the defense appear on the face of the pleading to be dismissed. *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013). Where an affirmative defense is not clear from the face of the complaint sought to be dismissed, it cannot be determined until (at least) the summary judgment stage; it cannot be treated as a quasi-summary-judgment matter under Rule 12(b). *Albino v. Baca*, 747 F.3d 1162, 1168–69 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003)).

## ANALYSIS

Defendant moves for dismissal of this case. It first argues that Plaintiff's allegations fail to satisfy the *Twombly-Iqbal* standard for both of her claims. It then argues that Plaintiff failed to timely exhaust her administrative remedies.

### *I.     Twombly-Iqbal Standard*

Defendant claims that Plaintiff failed to plead facts sufficient to show that she is entitled relief and as such dismissal is proper under Rule 12(b)(6). Defendant first contends that for both counts in the Complaint that Plaintiff fails to adequately allege that she exhausted her administrative remedies. The Court disagrees. Plaintiff alleged, "Plaintiff has exhausted her administrative remedies. Plaintiff was issued a Notice of Right to Sue by the Equal Employment Opportunity Commission on January 3, 2020." (ECF No. 1 ¶ 3.) She also attached the Notice of Right to Sue, which indicates more than 180 day have elapsed since she filed a charge with the EEOC. Courts have routinely found such allegations sufficient to survive a 12(b)(6) motion following the *Twombly-Iqbal* standard. *See, e.g.*, *Okeke v. Biomat USA, Inc.*, 927 F. Supp. 2d 1021, 1025 (D. Nev. 2013).

Defendant next argues that Plaintiff has failed to allege facts sufficient to state a claim to relief that is plausible on its face. Initially, Plaintiff argues that the *Twombly-Iqbal* standard is inapplicable because of a prior Supreme Court opinion, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). In that case, the Court stated, "a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a prima facie case of discrimination under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Swierkiewicz*, 534 U.S. at 508. Plaintiff extends this statement to mean that he does not have to plead facts sufficient to show satisfaction of the elements of his causes of action. This is error. The Court specifically addressed this argument in *Twombly* and denied it. The Court merely ruled in *Swierkiewicz* that "transpos[ing] 'plus factor' summary judgment analysis woodenly into a rigid Rule 12(b)(6) pleading standard" was error—not that a plaintiff can neglect to allege facts showing the elements of the cause of action. *Twombly*, 550 U.S. at 569. Then, in *Iqbal*, the Court confirmed that its "decision in *Twombly* expounded the pleading standard for 'all civil actions.'" *Iqbal*, 556

U.S. at 684 (quoting Fed. R. Civ. P. 1). Courts in the Ninth Circuit have therefore frequently looked to the prima facie elements in deciding a motion to dismiss a complaint alleging claims under Title VII and applied the *Twombly-Iqbal* standard. *See, e.g.*, *Webb v. Cty. of Trinity*, 734 F. Supp. 2d 1018, 1028 (E.D. Cal. 2010); *Sablan v. A.B. Won Pat Int'l Airport Auth.*, Guam, No. CIV. 10-00013, 2010 WL 5148202, at *4 (D. Guam Dec. 9, 2010).

The Court now applies this standard to Plaintiff's causes of action: hostile work environment and retaliation. In order to state a claim for a hostile work environment, a plaintiff must plead facts sufficient to show that an employee "1) was subjected to verbal or physical conduct of a sexual nature, 2) this conduct was unwelcome, and 3) this conduct was 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Fuller v. City of Oakland*, 47 F.3d 1522, 1527 (9th Cir. 1995) (quoting *Ellison v. Brady*, 924 F.2d 872, 875–76 (9th Cir. 1991)). The work environment that the plaintiff complains of must be "both subjectively and objectively perceived as abusive." *Campbell v. Hawaii Dep't of Educ.*, 892 F.3d 1005, 1016 (9th Cir. 2018). A plaintiff must also plead facts sufficient to show that the employer is liable for the harassment. *Id.* For the employer to be liable, it must have known or should have known of the harassment and failed to timely take remedial measures "reasonably calculated to end the harassment." *Ellison v. Brady*, 924 F.2d 872, 882 (9th Cir. 1991).

The Court agrees with Defendant that Plaintiff's allegations fail to satisfy the *Twombly-Iqbal* standard. Plaintiff initially alleges three events that occurred prior to her complaint to Defendant: "Dr. Yup touched [P]laintiff in a suggestive manner, e.g., on her shoulders and heels. Dr. Yup spoke of his sexual preferences and openly implied [P]laintiff owed him sexual favors, based on the proposition he had assisted [P]laintiff with her career." A touch to one's shoulder and heel fail to show sexual harassment, and Plaintiff's conclusory statement that it was "suggestive"

1  fails to change that determination. Dr. Yup's "sp[eaking] of his sexual preferences" is far to vague

2  to determine that this was harassment either. This allegation could be something as mild as noting

3  that he was a heterosexual or homosexual, and such a statement would not be an example of sexual

4  harassment. Lastly, an employer allowing for a coworker to make unwelcome sexual advances to

5  a plaintiff is actionable under Title VII. *See, e.g.*, *Ellison v. Brady*, 924 F.2d 872, 878 (9th Cir.

6  1991). However, the claim that Dr. Yup "implied" that Plaintiff owed him sexual favors is a

7  "'naked assertion[]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting

8  *Twombly*, 550 U.S. at 557). Indeed, this is a conclusion based on unspecified actions of Dr. Yup.

9       Plaintiff then alleges that she complained of these events to Defendant and does not allege

10 that there was any sexual harassment after this complaint, but Dr. Yup then began a campaign of

11 retaliation. Defendant appears to argue that Plaintiff's claims of retaliation cannot form the basis

12 of a hostile work environment. (*See* ECF No. 18 at 9–10 (analyzing the hostile work environment

13 claim without mentioning the allegations of retaliation).) This is error. In *Ray v. Henderson*, the

14 Ninth Circuit recognized a hostile work environment claim premised upon retaliation. 217 F.3d

15 1234, 1244 (9th Cir. 2000). In that case, the plaintiff "made [a] complaint about the treatment of

16 women at the [employer], he was targeted for verbal abuse related to those complaints for a period

17 lasting over one and half years. His supervisors regularly yelled at him during staff meetings; they

18 called him a 'liar,' a 'troublemaker,' and a 'rabble rouser,' and told him to 'shut up.' Additionally,

19 [the plaintiff] was subjected to a number of pranks[] and was falsely accused of misconduct." *Id.*

20 at 1245. The circuit found these facts sufficient to survive summary judgment.

21      Here, Plaintiff alleges three instances of retaliation that Dr. Yup perpetrated against her:

22 "[Dr. Yup] made false allegations against [P]laintiff and lodged those allegations with Nevada's

23 Board of Dentistry. [Dr.] Yup also arranged for his assistant to purloin confidential medical

24 information re [P]laintiff's patients. . . . [Dr.] Yup had taken to offering inmates favors in return

for harassing, threatening[,] and/or harming [P]laintiff." These allegations also lack needed factual support to survive a motion to dismiss. Plaintiff does not provide any of the dates regarding these events except that they would have occurred after she complained in "late 2017." There are no details about what Dr. Yup's complaint to the Nevada Board of Dentistry entailed and how this affected Plaintiff. As for the allegation that Dr. Yup stole information regarding Plaintiff's patients, there is no allegation that this harmed Plaintiff. Lastly, Plaintiff provides no details regarding the allegation Dr. Yup offered favors to prisoners to "harass[], threaten[,] and/or harm[]" Plaintiff. The inmates are unspecified, the favors are unspecified, and the requested harm is unspecified. These allegations, even taken as true, fail to show that Plaintiff would be entitled to relief as they are too vague and conclusory.

Moreover, Plaintiff fails to provide allegations that would show that Defendant was responsible for any of Dr. Yup's actions. Plaintiff's allegations of sexual harassment were dated from 2015 to late 2017. Based on those allegations, she complained to Defendant and does not provide any specific allegations of sexual harassment that persisted after the complaint. Then, Plaintiff complains that Dr. Yup began a campaign of retaliation. However, Plaintiff fails to allege anything to show that Defendant was aware of these retaliatory actions. That is, Plaintiff has not levied any allegation that would show that Defendant was aware of any of the actions that Dr. Yup before he did them. Plaintiff's allegations accordingly fail to satisfy the *Twombly-Iqbal* standard on this basis as well.

Turning to Count II, Plaintiff alleges retaliation. The elements of this offense are the following: "(1) [the plaintiff] engaged in a protected activity, such as the filing of a complaint alleging sexual harassment; (2) [the employer] subjected him to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action." *Hardage v. CBS Broad., Inc.*, 427 F.3d 1177, 1188 (9th Cir. 2005). Plaintiff has alleged that she filed a complaint

internally with Defendant alleging that Dr. Yup was sexually harassing her. This is protected conduct under Title VII. *See Ray*, 217 F.3d at 1240 n.3 ("Making an informal complaint to a supervisor is . . . a protected activity."). Skipping to the third element, Plaintiff has adequately alleged that she suffered the retaliatory actions from Dr. Yup because of the complaint to NDOC. Plaintiff's allegations, however, fail to show that the second element is satisfied because Plaintiff does not provide any factual allegations that implicate Defendant for Dr. Yup's retaliatory actions. As stated above, there is no allegation in the Complaint that demonstrates that Defendant ever became aware of Dr. Yup's retaliatory actions. Plaintiff merely states a legal conclusion that "[Defendant] tacitly, or passively, ratified Yup's conduct by failing to timely investigate his conduct and/or failing to attempt to remediate that conduct, and/or his statements, in a meaningful way" and that Defendant "acquired actual and/or constructive knowledge of [Dr.] Yup's conduct." Without factual support these are nothing but bare legal conclusion, which the Court does not grant presumed veracity.

## II.   *Timeliness*

Defendant claims that Plaintiff failed to timely exhaust. The Court denies this basis of the motion at this time because it cannot be determined from the face of the complaint that this affirmative defense is proper. Defendant seeks dismissal for failure to state a claim under Rule 12(b)(6) as well as dismissal for lack of subject matter jurisdiction under Rule 12(b)(1). If Defendant is correct that Plaintiff failed to timely exhaust his claims, then dismissal would only be appropriate for failure to state a claim. *Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1851–52 (2019) (finding that Title VII's charge-filing requirement is mandatory but not jurisdictional.) The Court will thus analyze whether dismissal is proper under Rule 12(b)(6).

If a "plaintiff first institutes proceedings with a state or local agency 'with authority to grant or seek relief from such practice,' the period of limitations for filing a charge with the EEOC is

extended to 300 days." *Draper v. Coeur Rochester, Inc.*, 147 F.3d 1104, 1107 (9th Cir. 1998) (quoting 42 U.S.C. § 2000e–5(e)(1)). Otherwise, "a plaintiff seeking relief pursuant to the statute's provisions must file a charge with the EEOC within 180 days 'after the alleged unlawful employment practice occurred.'" *Id.* (quoting 42 U.S.C. § 2000e–5(e)(1)).

Plaintiff signed her charge with the EEOC on May 20, 2019 and the charge indicates that it was received by NERC on May 22, 2019. The Court may consider this document for this motion without converting it into one for summary judgment as no party disputes the document's authenticity and Plaintiff necessarily relies on her charge of discrimination (for example, she alleges that she exhausted her administrative remedies). *See, e.g.*, *Dornell v. City of San Mateo*, 19 F. Supp. 3d 900, 904 n.3 (N.D. Cal. 2013) (taking judicial notice of EEOC records for motion to dismiss). Defendant uses the May 22, 2019 date and claims that any acts before 300 days of that would be untimely, which is July 26, 2018.

Plaintiff claims that the Court should find that the time period by which she needed to file with the EEOC tolled from when she filed the employment discrimination complaint with NERC. (ECF No. 12 Ex. 1.) She signed this document on January 25, 2019, and the facsimile receipt shows that NERC received it on February 1, 2019. Plaintiff however fails to provide authority by which a claim is automatically tolled by merely filing with a state agency. Rather courts have only found such tolling when a plaintiff shows that a "state administrative agency['s] errors or delay caused the charge to be untimely filed with the EEOC." *Davenport v. Bd. of Trustees of State Ctr. Cmty. Coll. Dist.*, No. 1:07-CV-00494-OWW-SMS, 2009 WL 891057, at *15 (E.D. Cal. Mar. 31, 2009) (collecting cases). Plaintiff has not made any argument that NERC in some way caused a delay.

In her complaint, Plaintiff points to three examples that she claims amount to sexual harassment. (ECF No. 1 ¶ 6.) Plaintiff alleges that these events occurred between 2015 and "late

2017." (*Id.*) Plaintiff then alleges that she complained to Defendant in late 2017, and then Dr. Yup began engaging in retaliatory actions then continued until after his transfer to another facility in the "summer of 2018." (*Id.* ¶ 7.) These actions included, for example, attempting to grant favors to inmates for harassing Plaintiff. (*Id.* ¶ 6.)

Defendant argues that Plaintiff's Count One alleging a hostile work environment should be dismissed with prejudice as untimely. For this argument, Defendant points to all of the alleged acts of sexual harassment occurring on or before "late 2017," which is outside of the 300-day window of May 22, 2019. However, Plaintiff argues that the claim is timely as alleged because of the continuing violations doctrine. Defendant again appears to argue that retaliation cannot form the basis of a hostile work environment, which this Court above explained to be error. *Ray*, 217 F.3d at 1244.

Defendant cannot carry its burden for this argument. This is due in large part to the vague and conclusory nature of Plaintiff's assertions, which this Court discussed above. This failure prevents this Court from determining whether Plaintiff's case is timely. Plaintiff merely alleges that instances of sexual harassment occurred into "late 2017" and that acts of retaliation occurred at least into the "summer of 2018" after Dr. Yup was transferred. Without any specific allegations, the Court cannot determine whether Dr. Yup's actions were part of a series of "acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period" of which Defendant is responsible. *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 127 (2002). Based on the face of Plaintiff's complaint, the Court cannot determine whether Plaintiff's claims are untimely. The Court therefore declines to dismiss the case with prejudice. Rather, the Court dismisses the case without prejudice for failing to comply with the *Twombly-Iqbal* standard.

///

**CONCLUSION**

IT IS HEREBY ORDERED that Motion to Dismiss (ECF No. 9) is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that the case is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff may file an amended complaint within thirty of this order to fix the deficiencies contained in Plaintiff's Complaint (ECF No. 1). If Plaintiff chooses to file an amended complaint, then Plaintiff must label it "First Amended Complaint."

IT IS FURTHER ORDERED that if Plaintiff fails to file an amended complaint curing the deficiencies outlined in this order, the Court will dismiss this action, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated January 26, 2021

_____
ROBERT C. JONES
United States District Judge